We turn to the next case we'll hear today, Furman Estrada-Ramos v. Garland, Appeal Number 23-1549. And good morning, Mr. Brock, is it?  Brook. Tenbrook. Yes. Thank you. It's like Van Dyke, just not as funny. Tenbrook. Right. Good morning, Your Honors. James Tenbrook on behalf of the petitioner, Furman Estrada. This is a case of what I consider to be simple statutory interpretation. And I'm acutely aware of the, I guess, so-called precedent in this case, or what may claim to be called precedent for this case. And I know that I might have an uphill battle to get this court to agree with me. But at the same time, I think I'm arguing for the court to shift its focus. Most cases seem to talk about sort of the nature of physical force within the statute of 16A and 16B. But I'm asking the court to just simply look at the word element within 16A to determine whether, in fact, a crime like domestic battery in Illinois should be considered a crime of violence. So the idea is that bodily harm is simply not an element. It is the result of violence, such as stabbing, shooting, kicking, but in itself is not an element. And because it's not an element, I don't think it is not covered by 16A. It might be covered by 16B, of course, because 16B says in the nature of and involving. So indeed, if it were a felony and we were looking at under 16B, it most certainly would be covered because bodily harm does involve physical force. So the court hopefully will see that I pointed out there were statutes that I found out of Virginia and Missouri that have those words, stab, shoot. I mean, that's what Congress was getting at. But counsel, that's not how we have come down previously. So just to be clear, are you asking for us to overrule the precedent? Because crime of violence, there's no shortage of precedent about what crime of violence is. Sure, but I've looked at all those cases, Judge. None of them have mentioned this argument about looking at the element, nor have they talked about the doctrine of surplusage. The court's got a big problem. If you're going to hold in favor of the government here, you're going to have a problem with surplusage. There's no question about it because if you're going to read this statute that way, you're reading it like 16B. And you can't read both of them the same. That's the idea of surplusage. I'd like to read it with you. And you say bodily harm is not an element. Your argument is that it's not an element. Well, no, it would not. Let's see, maybe I misspoke. Bodily harm is not itself use of violence. Stabbing, shooting, like shooting, stabbing, or kicking are. Okay, because I heard you just say bodily harm is not an element, and that's why we should read it the way you're asking. Because I wanted to know how does the statute read if you excise the word, the phrase bodily harm? What was the question, if you excise bodily harm? If you excise bodily harm. Out of the Illinois statute. Because it's not an element, according to your argument. Oh, bodily harm is definitely an element of the Illinois offense. What I'm saying is that it is not itself the use, attempted use or threatened use of physical force under 16A. It involves the use, attempted use or threatened use of physical force under 16B, but it is not itself. This is a cause and effect. The argument is the cause and effect argument. Meaning bodily harm is the effect of using violence. Whereas, stabbing, shooting, and kicking is the cause of it. If you read the statute carefully, you can see that bodily harm simply does not fit under 16A, but fits under 16B. Yes, there are some precedents, but all the precedents have to deal with interpreting physical force, like the nature of physical force, how much physical force is involved. But they do not address the argument that I make here concerning both the strict interpretation of the statute as well as surplusage. And I think another argument that the government is making is that this offense is a CIMT, and thus would also disqualify Mr. Estrada from relief. But the board precedent in Tran, I think there's another case besides Silva Trevino, says that there, especially Tran, says there has to be serious bodily injury. And so under Illinois law, conviction under the domestic battery statute can result in a mere bruise. And I don't think that's to be considered inherently base, vile, or of that nature for being a crime involving moral turpitude. Unless there's any other questions, I will save my time for the book. Thank you. Thank you. Mr. George. May it please the court, Matthew George for the Attorney General. The court should deny the petition here. Petitioners, Illinois domestic battery conviction is a crime of domestic violence. The court has held over and over again, seminally perhaps in De Leon Castellanos, that this very statute is a crime of violence. That essentially ends the inquiry. The court has already decided this issue. Petitioner does try to argue that perhaps that line of precedent, holding that it's a crime of violence, is wrongly decided. The court has said in De Leon itself, saying something is wrongly decided is not enough to overrule it or to ignore stare decisis. The standard the court set out there is someone looking to overrule or ignore precedent would need compelling circumstances or an intervening on point Supreme Court decision. Petitioner hasn't pointed to either of those things in this case. He's simply offering a new argument. Perhaps if we were writing on a blank slate that it might be persuasive. But we're not. This issue has been decided by the court over and over again. Mr. George, is it your understanding that there is no dispute between the parties on the issue of whether the applicant here falls within the purview of the Illinois statute? No one has. In other words, he had the kind of relationship with the victim that is covered by the statute. The domestic portion of the statute? Yes, Your Honor. There's been no dispute. He didn't exhaust that to the board and he's waived it by not arguing it in his brief here. It's never been disputed. To your knowledge, is there any dispute in the Illinois courts with respect to the vagueness of that statute? I am not aware. I didn't look up that issue given that it's not. He was not married to the victim, as I recall. Is that correct? That's correct. I do believe Illinois defines it pretty broadly. And my question is, to your knowledge, there's been no issue with respect to the vagueness of some of the relationships which are delineated in the statute. I'm not aware of that, but I haven't looked into it. Thank you. Because that Illinois domestic battery conviction is a crime of domestic violence, the court doesn't need to go any further. That alone disqualifies Petitioner from cancellation of removal. If the court were to somehow decide that that doesn't disqualify him or that it is not a crime of domestic violence, he has two crimes involving moral turpitude that also disqualify him. He doesn't dispute that his obstruction of justice conviction is a crime involving moral turpitude, and his domestic battery conviction is also a crime involving moral turpitude. Would all actions falling within the statute, the state statute, qualify as a crime of moral turpitude? In this instance, yes, because we're looking just at the statutory language. I understand. That's my problem, though. If the language is vague, would every act under that vague statute constitute a crime of moral turpitude? In this instance, yes, because it has the necessary state of mind, and it also has the reprehensible conduct. Here, Illinois requires actual physical harm. It's not just a mere offense of touching. It also requires harm to that sort of protected person, which elevates it beyond simple battery or something like that. There wouldn't be a crime involving moral turpitude. Those two factors together add up to making it a crime involving moral turpitude. The protected person here is someone with a domestic relationship. It could be a girlfriend. It could be a wife or spouse or a live-in person. Illinois does categorize it pretty broadly, but I haven't seen any sort of constitutional vagueness, and Petitioner certainly hasn't made any arguments like that. That would be probably beyond the scope of this case. Unless the court has any other questions, we should deny the petition. Thank you, Mr. George. And Mr. Tinbrook, anything further? Very quickly, Judge, thank you. Right, so I think just to summarize, and I'll just be brief. I know this is a novel argument. I'm aware of that. But as I was going through it, the closer I looked at it, the more it became apparent, especially when I considered the doctrine of surplusage. I mean, it was something that just sort of became clear to me when I saw that. And I know that this may or may not be a tough case for you to consider. I mean, we know maybe with recent things that happened in the U.S. Supreme Court as far as stare decisis, this court would be open to reconsidering this case. I cited a couple of – I believe I cited Justice Thomas as well as Justice Sotomayor concerning the role of stare decisis. So I hope you take that into consideration. Thank you for considering this case. Thank you. We thank the parties collectively, and we will take these deals under advisement.